## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

VANESSA K. BARNETT for )
VANESSA A. HOLLAND, )
       )
       Plaintiff, )
       )
vs. )      CASE NO.   03-CV-221-DRH
       )
JOANNE B. BARNHART, )
Commissioner of Social Security, )
       )
       Defendant. )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are pending motions   On July 28, 2003, defendant filed a motion to remand, claiming that she did not have access to all of the information she needed to assemble a complete record (Doc No 4)   On August 27, 2003, defendant filed a motion to reopen the case and dismiss with prejudice (Doc No 5)   In this motion, defendant contends that the record has now been assembled and that plaintiff's Complaint is untimely.  Plaintiff contests the motion, claiming that the limitations defense has been waived (Doc No 8)

Plaintiff filed an application for child's supplemental security income benefits on behalf of Vanessa A. Holland on March 24, 2000   On April 15, 2002, an Administrative Law Judge (ALJ) rejected plaintiff's application on the basis that the claimant was not disabled.  That decision became final on January 29, 2003, when the Appeals Council denied plaintiff's request for review

Plaintiff mailed her Complaint to the Clerk of this Court on April 4, 2003   The Complaint was filed by the Clerk on April 7, 2003

%AO 72A
(Rev 8/82)

The Social Security Act establishes a mechanism for judicial review of final administrative decisions   Section 405(g) provides·

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow

42 U S C  § 405(g), *see also* 42 U S C  § 1383(c)(3)(incorporating § 405(g))   The sixty day deadline is not jurisdictional, it constitutes a period of limitations  *Bowen v  City of New York*, 476 U S  467, 478, (1986)

The regulations adopted by the Commissioner are lenient   They provide that a civil action must be commenced within sixty days after notice of the Appeals Council decision *is received* by the individual   20 C F R  §§ 404 981, 416 1481   The regulations also provide that receipt is presumed five days after the date of notice, absent a reasonable showing to the contrary  20 C F.R §§  404.901, 416 1401, 422 210(c)

Applying these rules to the circumstances in this case, plaintiff is presumed to have received notice of the Appeals Council's decision on February 3, 2003   Because she has not attempted to rebut that presumption, she had sixty days - until April 4, 2003 - to commence this action  A civil action is commenced by filing a Complaint with the Court  Fed. R  Civ. P  3.  A Complaint is filed with the Court when it is filed with the Clerk.  Fed  R  Civ  P  5(e)

Plaintiff filed this action with the Clerk on April 7, 2003, three days after the February 3, 2003, deadline   Absent an equitable defense, her Complaint is untimely.

Plaintiff correctly asserts that a limitations period can be waived   She claims that the Commissioner waived her statute of limitations defense by failing to raise it when she filed her motion for remand on July 28, 2003

Defendant filed her motion for remand pursuant to the sixth sentence of § 405(g). That section provides

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action

42 U.S.C. § 405(g). There is no requirement that a statute of limitations defense be raised at the same time as a § 405(g) motion for remand. Rather, a statute of limitations defense must be raised in an Answer. Fed. R. Civ. P. 7, 8(c). Because a § 405(g) motion for remand must be filed before the Commissioner files an Answer, there is no legal or logical support for plaintiff's waiver argument.

IT IS RECOMMENDED that defendant's motion for remand (Doc. No. 4) be DENIED as MOOT.

IT IS FURTHER RECOMMENDED that defendant's motion to dismiss (Doc. No. 5) be GRANTED. Because plaintiff has the option of asking the Appeals Council to extend the filing deadline, dismissal should be without prejudice. 20 C.F.R. § 422.210(c).

**SUBMITTED:** _10-16-03_.

**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE

PURSUANT to Title 28 U.S.C. §636(b) and Rule 73.1(b) of the Local Rules of Practice in the United States District Court for the Southern District of Illinois, any party may serve and file written OBJECTIONS to this Report and Recommendation/ Proposed Findings of Fact and Conclusions of Law within ten days of service.

**Please note: You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law.** At this point, it is appropriate to file **OBJECTIONS**, if any, to the Report and Recommendation/ Proposed Findings of Fact and Conclusions of Law. An appeal is inappropriate until after the District Judge issues an Order either affirming or reversing the Report and Recommendation/ Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.

Failure to file such OBJECTIONS shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed in the the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video Views, Inc. v Studio 21, Ltd. and Joseph Sclafani, 797 F.2d 538 (7th Cir. 1986).*

**You should mail your OBJECTIONS to the Clerk, U.S. District Court at the address indicated below:**

☐ 301 West Main St.
   Benton IL 62812

☒ 750 Missouri Ave.
   P.O. Box 249
   East St. Louis, IL 62202